FRANK MOSS, executor of Maltby G. Lane,

*v.*

EGBERT B. LANE et al.

1. It is no defence to a suit by executors to foreclose a mortgage held by their testator that the testator made a later will than that under which complainants are acting, which has not been offered or admitted to probate.

2. The clause in a will, "my executors may, in their discretion, cancel the mortgages held by me" upon certain lands, does not amount to a discharge of such mortgage, but leaves such discharge entirely discretionary with the executors.

On bill to foreclose.   On hearing on bill and plea.

*Mr. Luther Shafer*, for the complainant.

*Mr. Garret D. W. Vroom*, for the defendant.

PITNEY, V. C.

This is a bill to foreclose a mortgage given by the defendant to complainant's testator.

The complainant has produced and filed in the court a certified copy of letters testamentary, issued to him by the surrogate of the city and county of New York.

The defendant, Egbert B. Lane, has pleaded as follows:

"That the will and testament in writing of Maltby G. Lane, deceased, in said bill named, bearing date on or about the twenty-seventh day of December, eighteen hundred and eighty-seven, and admitted to probate in the Surrogate Court of the County of New York, on or about the thirty-first day of July, eighteen hundred and ninety, upon which letters testamentary were granted to the complainant, and under which said will the said complainant claims, was not the last will and testament of the said Maltby G. Lane, deceased, for that this defendant says that the said Maltby G. Lane duly made and published another will, which was his last will and testament in writing, bearing date the twenty-second day of September, eighteen hundred and eighty-eight, and that such will was executed by him and attested as by law is required, and in and by which said last will and testament the said Maltby G. Lane did,

Moss v. Lane.

among other things, order and direct as follows: 'My executors may in their discretion cancel the mortgages held by me upon land near Trenton, New Jersey, now owned by Egbert B. Lane,' *meaning thereby that his executors should cancel, discharge and satisfy of record the mortgage set up and sued on in the said complainant's said bill of complaint,* which said last will and testament, or a duly certified copy thereof, is now in the possession of this defendant and ready to be produced and proved as this honorable court may direct.

"And this defendant therefore avers that the said complainant has not any title to or interest in the mortgage in his said bill mentioned and set forth."

The cause was set down for hearing on this plea. Such course make the situation that of a demurrer to the plea, so that the question now is whether it presents a complete defence to the complainant's action.

Two questions arise—*first,* is the mere fact that the testator made a later will than that which is proven, which later will has not been admitted to probate, nor any letters testamentary issued upon it, bar the executor to whom letters testamentary have been issued from suing and collecting the personal assets of the deceased? And, if this question be answered in the negative, then, *second,* does the clause in the will above set forth, viz., " My executors may in their discretion cancel the mortgages held by me upon land near Trenton, New Jersey, now owned by Egbert B. Lane," amount to a discharge of the defendant's mortgage?

I am of the opinion that both questions must be answered in the negative.

If a will has been duly proven and letters testamentary are issued upon it, the executor therein named, in the absence of fraud, is clothed with power to take possession of all the personal property of the testator and to collect all debts due to him. And although another will of later date than that which is proven may be found and may be in existence, yet until the later will is proven and letters testamentary issued upon it, the power of the executor under the letters testamentary actually issued to take and collect the assets remains undiminished. *Annin's Exr.* v. *Van Doren's Admr.,* 1 C. E. Gr. 135 (at p. 146); *Quidort's Admr.* v. *Pergeaux,* 3 C. E. Gr. 472 (at p. 476); *Waters* v. *Stickney, 12 Allen 15; 1 Wms. Ex. *589, *590, and cases cited.*

The act under which the complainant is proceeding in this state seems to me to give him the same standing in our courts as if the will had been proven and letters testamentary issued here.

With regard to the second question, the construction of the will, the court is not bound by the allegation of the plea that the testator meant by such clause that his executors " should cancel, discharge and satisfy of record the mortgage set up and sued on " in this case. That allegation is mere argument, and the utmost value which it can have is to treat it as an allegation that the mortgages mentioned in that clause include the mortgage here in question.

I think that the clause leaves it entirely discretionary with the executors named in the later will, whoever they may be, to discharge the mortgage in question, and does not, of itself, amount to a discharge.

The plea is overruled.